# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

JULIO CESAR PACHECO OSORIO,

Plaintiff,

-against-

NOEL TORRES, JOSE MOLINA, C&S WHOLESALE
GROCERS, INC., and J. B. HUNT TRANSPORT, INC.,

Defendants.

---

Filed:_____

INDEX NO. 700871/22

Plaintiff designates Queens
County as the place of trial.

**S U M M O N S**

The basis of venue is
the county in which the claim
arose.

**To the above-named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service of this summons, or within 30 days after service of this

summons is complete if this summons is not personally delivered to you within the State of New

York.

In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
       December 10, 2021

By: Nicholas Mateusz Madej, Esq.
SURDEZ & PEREZ, P.C.
*Attorneys for Plaintiff*
32-72 Steinway Street, Suite 401
Astoria, New York 11103
(718) 482-1555

## ADDENDUM

TO:    NOEL TORRES
       *Address Unknown*

       JOSE MOLINA
       *Address Unknown*

       C & S WHOLESALE GROCERS, INC.
       c/o: CT Corporation System
       28 Liberty Street,
       New York, New York 10005

       J. B. HUNT TRANSPORT, INC.
       c/o: Corporation Service Company
       80 State Street,
       Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

INDEX NO.

JULIO CESAR PACHECO OSORIO,

   Plaintiff,

     -against-

NOEL TORRES, JOSE MOLINA, C&S WHOLESALE
GROCERS, INC., and J. B. HUNT TRANSPORT, INC.,

    Defendants.

---

**VERIFIED COMPLAINT**

  Plaintiff, by his attorneys, SURDEZ & PEREZ, P.C., as and for his Verified Complaint,
respectfully alleges, the following:

1.  The plaintiff, JULIO CESAR PACHECO OSARIO, at all times herein mentioned was and
is a resident of the County of Queens, State of New York.

2.  Upon information and belief, the defendant NOEL TORRES, at all times herein mentioned
was and is a resident of the County of Queens, State of New York.

3.  Upon information and belief, the defendant, JOSE MOLINA, at all times herein mentioned
was and is a resident of the County of Queens, State of New York.

4.  Upon information and belief, the defendant, C&S WHOLESALE GROCERS, INC., at all
times herein mentioned was and is a corporation organized and existing under the laws of the State
of Vermont, with its principal place of business situated in the County of Cheshire, State of New
Hampshire.

5.  Upon information and belief, the defendant, C&S WHOLESALE GROCERS, INC., at all
times herein mentioned was and is a corporation licensed to do business in the State of New York.

6.  Upon information and belief, the defendant, J. B. HUNT TRANSPORT, INC., at all times
herein mentioned was and is a corporation organized and existing under the laws of the State of

Georgia, with its principal place of business situated in the County of Benton, State of Arkansas.

7.      Upon information and belief, the defendant, J. B. HUNT TRANSPORT, INC., at all times herein mentioned was and is a corporation licensed to do business in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE

8.      On March 5, 2019, plaintiff, JULIO CESAR PACHECO OSORIO, was a lawful pedestrian at or near 110-44 Queens Boulevard, County of Queens, State of New York.

9.      Upon information and belief, on March 5, 2019, defendant C&S WHOLESALE GROCERS, INC., was the owner of a certain automobile, bearing a New York license plate.

10.     Upon information and belief, on March 5, 2019, defendant C&S WHOLESALE GROCERS, INC., was the registered owner of a certain automobile, bearing a New York license plate.

11.     Upon information and belief, on March 5, 2019, defendant C&S WHOLESALE GROCERS, INC., was the titled owner of a certain automobile, bearing a New York license plate.

12.     Upon information and belief, on March 5, 2019, defendant C&S WHOLESALE GROCERS, INC., was the lawful renter of a certain automobile, bearing a New York license plate.

13.     Upon information and belief, on March 5, 2019, defendant C&S WHOLESALE GROCERS, INC., was the leasee of a certain automobile, bearing a New York license plate.

14.     Upon information and belief, on March 5, 2019, defendant C&S WHOLESALE GROCERS, INC., was in possession of a certain automobile, bearing a New York license plate.

15.     Upon information and belief, on March 5, 2019, defendant C&S WHOLESALE GROCERS, INC., maintained a certain automobile, bearing a New York license plate.

16.     Upon information and belief, on March 5, 2019, defendant C&S WHOLESALE GROCERS, INC., controlled a certain automobile, bearing a New York license plate.

NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 01/13/2022

17. Upon information and belief, on March 5, 2019, defendant J. B. HUNT TRANSPORT, INC., was the owner of a certain automobile, bearing a New York license plate.

18. Upon information and belief, on March 5, 2019, defendant J. B. HUNT TRANSPORT, INC., was the registered owner of a certain automobile, bearing a New York license plate.

19. Upon information and belief, on March 5, 2019, defendant J. B. HUNT TRANSPORT, INC., was the titled owner of a certain automobile, bearing a New York license plate.

20. Upon information and belief, on March 5, 2019, defendant J. B. HUNT TRANSPORT, INC., was the lawful renter of a certain automobile, bearing a New York license plate.

21. Upon information and belief, on March 5, 2019, defendant J. B. HUNT TRANSPORT, INC., was the leasee of a certain automobile, bearing a New York license plate.

22. Upon information and belief, on March 5, 2019, defendant J. B. HUNT TRANSPORT, INC., was in possession of a certain automobile, bearing a New York license plate.

23. Upon information and belief, on March 5, 2019, defendant J. B. HUNT TRANSPORT, INC., maintained a certain automobile, bearing a New York license plate.

24. Upon information and belief, on March 5, 2019, defendant J. B. HUNT TRANSPORT, INC., controlled a certain automobile, bearing a New York license plate.

25. On March 5, 2019, defendant NOEL TORRES was the operator of a certain automobile, bearing a New York license plate.

26. Upon information and belief, on March 5, 2019 the vehicle bearing a New York license plate was being operated by defendant NOEL TORRES with the express knowledge and/or consent of its owner.

27. Upon information and belief, on March 5, 2019 the defendant NOEL TORRES was operating the vehicle bearing a New York license plate on the business of its owner.

28.     Upon information and belief, on March 5, 2019 defendant NOEL TORRES was operating the vehicle bearing a New York license plate within the course and scope of his employment.

29.     Upon information and belief, on March 5, 2019, defendant, NOEL TORRES, was operating the vehicle bearing a New York license plate under the direction and control of its owner.

30.     On March 5, 2019, defendant JOSE MOLINA was the operator of a certain automobile, bearing a New York license plate.

31.     Upon information and belief, on March 5, 2019 the vehicle bearing a New York license plate was being operated by defendant JOSE MOLINA with the express knowledge and/or consent of its owner.

32.     Upon information and belief, on March 5, 2019 the defendant JOSE MOLINA was operating the vehicle bearing a New York license plate on the business of its owner.

33.     Upon information and belief, on March 5, 2019 defendant JOSE MOLINA was operating the vehicle bearing a New York license plate within the course and scope of his employment.

34.     Upon information and belief, on March 5, 2019, defendant, JOSE MOLINA, was operating the vehicle bearing a New York license plate under the direction and control of its owner.

35.     That at all times herein mentioned, the exterior basement stairway adjacent to 110-44 Queens Boulevard, County of Queens, State of New York, is and was a private stairway, entrance, entryway, ingress, approach, passageway, and/or opening used by the employees of occupying business.

36.     On March 5, 2019, the vehicle operated by the defendant, NOEL TORRES, bearing a New York license plate and the person of the plaintiff, JULIO CESAR PACHECO OSARIO, came into contact with each other at or near 110-44 Queens Boulevard, County of Queens, State of New York.

NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 01/13/2022

37.     On March 5, 2019, the vehicle operated by the defendant, NOEL TORRES, bearing a New York license plate and the basement cellar door leading to a basement stairway, wherein the plaintiff, JULIO CESAR PACHECO OSARIO, was standing, came into contact with each other at or near 110-44 Queens Boulevard, County of Queens, State of New York.

38.     On March 5, 2019, the vehicle operated by the defendant, JOSE MOLINA, bearing New York license plate and the person of the plaintiff, JULIO CESAR PACHECO OSARIO, came into contact with each other at or near 110-44 Queens Boulevard, County of Queens, State of New York.

39.     On March 5, 2019, the vehicle operated by the defendant, JOSE MOLINA, bearing New York license plate and the basement cellar door leading to a basement stairway, wherein the plaintiff, JULIO CESAR PACHECO OSARIO, was standing, came into contact with each other at or near 110-44 Queens Boulevard, County of Queens, State of New York.

40.     That the negligence of the defendants, NOEL TORRES, JOSE MOLINA, C&S WHOLESALE GROCERS, INC., and J. B. HUNT TRANSPORT, INC., consisted of owning, operating, maintaining and controlling the aforesaid motor vehicle in a negligent and careless manner causing severe personal injuries to the plaintiff.

41.     Solely as a result of the defendants' negligence and carelessness the plaintiff was caused to suffer severe and serious personal injuries.

42.     As a result of the foregoing collision, the plaintiff sustained a "serious injury" as defined by Article 51 of the Insurance Law of the State of New York.

43.     As a result of the foregoing collision, the plaintiff suffered "economic loss" in excess of "basic economic loss", as those terms are defined by Article 51 of the Insurance Law of the State of New York.

44.     This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

45.     Due to defendants' negligence, plaintiff is entitled to damages in excess of the jurisdictional limit of all lower courts that would otherwise have jurisdiction in this state and by the reason of the foregoing, the plaintiff has suffered damages in the amount to be determined at trial.

### AS FOR A SECOND CAUSE OF ACTION FOR VICARIOUS LIABILITY

46. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

47. Upon information and belief, on March 5, 2019, defendant employee NOEL TORRES, was, operating the aforesaid automobile bearing a New York license plate as an agent, servant, employee, and/or otherwise acting under the direction and control of defendant employer C&S WHOLESALE GROCERS, INC.

48. Upon information and belief, on March 5, 2019, defendant employee, NOEL TORRES, was acting with the full knowledge, permission, and/or consent of defendant employer C&S WHOLESALE GROCERS, INC.

49. Upon information and belief, on March 5, 2019, defendant employee, NOEL TORRES, was acting within the course and scope of his employment with defendant employer C&S WHOLESALE GROCERS, INC.

50. By reason of the aforesaid negligence and carelessness of defendant employee, NOEL TORRES, in the operation of said vehicle, defendant employer C&S WHOLESALE GROCERS, INC. is vicariously liable for the injuries suffered by plaintiff, JULIO CESAR PACHECO OSORIO.

51. As a direct and proximate result of the negligence and carelessness of defendants, C&S WHOLESALE GROCERS, INC. and NOEL TORRES, plaintiff JULIO CESAR PACHECO OSORIO was injured.

52. As a direct and proximate result of the negligence and carelessness of defendants, C&S WHOLESALE GROCERS, INC. and NOEL TORRES, the plaintiff JULIO CESAR PACHECO OSORIO was seriously injured.

### AS FOR A THIRD CAUSE OF ACTION FOR VICARIOUS LIABILITY

53. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

54. Upon information and belief, on March 5, 2019, defendant employee, JOSE MOLINA, was, operating the aforesaid automobile bearing a New York license plate as an agent, servant, employee, and/or otherwise acting under the direction and control of defendant employer C&S WHOLESALE GROCERS, INC.

55. Upon information and belief, on March 5, 2019, defendant employee, JOSE MOLINA, was acting with the full knowledge, permission, and/or consent of defendant employer C&S WHOLESALE GROCERS, INC.

56. Upon information and belief, on March 5, 2019, defendant employee, JOSE MOLINA, was acting within the course and scope of his employment with defendant employer C&S WHOLESALE GROCERS, INC.

57. By reason of the aforesaid negligence and carelessness of defendant employee, JOSE MOLINA, in the operation of said vehicle, defendant employer C&S WHOLESALE GROCERS, INC. is vicariously liable for the injuries suffered by plaintiff, JULIO CESAR PACHECO OSORIO.

58. As a direct and proximate result of the negligence and carelessness of defendants, C&S WHOLESALE GROCERS, INC. and JOSE MOLINA, plaintiff JULIO CESAR PACHECO OSORIO was injured.

59. As a direct and proximate result of the negligence and carelessness of defendants, C&S WHOLESALE GROCERS, INC. and JOSE MOLINA, the plaintiff JULIO CESAR PACHECO OSORIO was seriously injured.

### AS FOR A FOURTH CAUSE OF ACTION FOR VICARIOUS LIABILITY

60. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

61. Upon information and belief, on March 5, 2019, defendant employee NOEL TORRES, was, operating the aforesaid automobile bearing a New York license plate as an agent, servant, employee, and/or otherwise acting under the direction and control of defendant employer, J. B. HUNT TRANSPORT, INC.

62. Upon information and belief, on March 5, 2019, defendant employee, NOEL TORRES, was acting with the full knowledge, permission, and/or consent of defendant employer, J. B. HUNT TRANSPORT, INC.

63. Upon information and belief, on March 5, 2019, defendant employee, NOEL TORRES, was acting within the course and scope of his employment with defendant employer, J. B. HUNT TRANSPORT, INC.

64. By reason of the aforesaid negligence and carelessness of defendant employee, NOEL TORRES, in the operation of said vehicle, defendant employer, J. B. HUNT TRANSPORT, INC. is vicariously liable for the injuries suffered by plaintiff, JULIO CESAR PACHECO OSORIO.

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 01/13/2022

65. As a direct and proximate result of the negligence and carelessness of defendants, J. B. HUNT TRANSPORT, INC. and NOEL TORRES, plaintiff JULIO CESAR PACHECO OSORIO was injured.

66. As a direct and proximate result of the negligence and carelessness of defendants, J. B. HUNT TRANSPORT, INC. and NOEL TORRES, the plaintiff JULIO CESAR PACHECO OSORIO was seriously injured.

### AS FOR A FIFTH CAUSE OF ACTION FOR VICARIOUS LIABILITY

67. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

68. Upon information and belief, on March 5, 2019, defendant employee JOSE MOLINA, was, operating the aforesaid automobile bearing a New York license plate as an agent, servant, employee, and/or otherwise acting under the direction and control of defendant employer, J. B. HUNT TRANSPORT, INC.

69. Upon information and belief, on March 5, 2019, defendant employee, JOSE MOLINA, was acting with the full knowledge, permission, and/or consent of defendant employer, J. B. HUNT TRANSPORT, INC.

70. Upon information and belief, on March 5, 2019, defendant employee, JOSE MOLINA, was acting within the course and scope of his employment with defendant employer, J. B. HUNT TRANSPORT, INC.

71. By reason of the aforesaid negligence and carelessness of defendant employee, JOSE MOLINA, in the operation of said vehicle, defendant employer, J. B. HUNT TRANSPORT, INC. is vicariously liable for the injuries suffered by plaintiff, JULIO CESAR PACHECO OSORIO.

72. As a direct and proximate result of the negligence and carelessness of defendants, J. B.
HUNT TRANSPORT, INC. and JOSE MOLINA, plaintiff JULIO CESAR PACHECO OSORIO
was injured.

73. As a direct and proximate result of the negligence and carelessness of defendants, J. B.
HUNT TRANSPORT, INC. and JOSE MOLINA, the plaintiff JULIO CESAR PACHECO
OSORIO was seriously injured.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION

74.     Plaintiff restates and realleges each and every allegation contained in the preceding
paragraphs as if fully set forth herein.

75.     On March 5, 2019, and for some time prior to and thereafter, defendant employer C&S
WHOLESALE GROCERS, INC. had a duty to hire and retain as employees, agents, and/or
servants, suitable, competent, qualified, experienced, train, and adequate individuals to operate its
motor vehicles.

76.     On March 5, 2019, and for some time prior to and thereafter, defendant employer C&S
WHOLESALE GROCERS, INC. had a duty to ensure that its motor vehicles were entrusted for
use only to drivers who were fit to work, properly trained, supervised, and instructed.

77.     On March 5, 2019, and for some time prior to and thereafter, defendant employer C&S
WHOLESALE GROCERS, INC. had a duty to ensure that drivers who constituted a potential
hazard or danger to the public, those with unsuitable propensities, and/or those with emotional,
physical, psychological, and/or physiological traits and/or characteristics contraindicated to the
safe operation of its motor vehicles, not be employed, retained, and/or otherwise permitted to
operate same.

78.     As a direct and proximate result of the negligence of defendant employer C&S

WHOLESALE GROCERS, INC. in its hiring and retention of defendant employee NOEL TORRES as its employee, agent, and/or servant, and its entrustment to him of the aforesaid motor vehicle involved in the accident, herein, plaintiff, JULIO CESAR PACHECO OSORIO, was seriously injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION

79.    Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

80.    On March 5, 2019, and for some time prior to and thereafter, defendant employer C&S WHOLESALE GROCERS, INC. had a duty to hire and retain as employees, agents, and/or servants, suitable, competent, qualified, experienced, train, and adequate individuals to operate its motor vehicles.

81.    On March 5, 2019, and for some time prior to and thereafter, defendant employer C&S WHOLESALE GROCERS, INC. had a duty to ensure that its motor vehicles were entrusted for use only to drivers who were fit to work, properly trained, supervised, and instructed.

82.    On March 5, 2019, and for some time prior to and thereafter, defendant employer C&S WHOLESALE GROCERS, INC. had a duty to ensure that drivers who constituted a potential hazard or danger to the public, those with unsuitable propensities, and/or those with emotional, physical, psychological, and/or physiological traits and/or characteristics contraindicated to the safe operation of its motor vehicles, not be employed, retained, and/or otherwise permitted to operate same.

83.    As a direct and proximate result of the negligence of defendant employer C&S WHOLESALE GROCERS, INC. in its hiring and retention of defendant employee JOSE MOLINA as its employee, agent, and/or servant, and its entrustment to him of the aforesaid motor

vehicle involved in the accident, herein, plaintiff, JULIO CESAR PACHECO OSORIO, was seriously injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION

84.     Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

85.     On March 5, 2019, and for some time prior to and thereafter, defendant employer J. B. HUNT TRANSPORT, INC. had a duty to hire and retain as employees, agents, and/or servants, suitable, competent, qualified, experienced, train, and adequate individuals to operate its motor vehicles.

86.     On March 5, 2019, and for some time prior to and thereafter, defendant employer J. B. HUNT TRANSPORT, INC. had a duty to ensure that its motor vehicles were entrusted for use only to drivers who were fit to work, properly trained, supervised, and instructed.

87.     On March 5, 2019, and for some time prior to and thereafter, defendant employer J. B. HUNT TRANSPORT, INC. had a duty to ensure that drivers who constituted a potential hazard or danger to the public, those with unsuitable propensities, and/or those with emotional, physical, psychological, and/or physiological traits and/or characteristics contraindicated to the safe operation of its motor vehicles, not be employed, retained, and/or otherwise permitted to operate same.

88.     As a direct and proximate result of the negligence of defendant employer J. B. HUNT TRANSPORT, INC. in its hiring and retention of defendant employee NOEL TORRES as its employee, agent, and/or servant, and its entrustment to him of the aforesaid motor vehicle involved in the accident, herein, plaintiff, JULIO CESAR PACHECO OSORIO, was seriously injured.

## AS AND FOR A NINTH CAUSE OF ACTION FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION

89.    Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

90.    On March 5, 2019, and for some time prior to and thereafter, defendant employer J. B. HUNT TRANSPORT, INC. had a duty to hire and retain as employees, agents, and/or servants, suitable, competent, qualified, experienced, train, and adequate individuals to operate its motor vehicles.

91.    On March 5, 2019, and for some time prior to and thereafter, defendant employer J. B. HUNT TRANSPORT, INC. had a duty to ensure that its motor vehicles were entrusted for use only to drivers who were fit to work, properly trained, supervised, and instructed.

92.    On March 5, 2019, and for some time prior to and thereafter, defendant employer J. B. HUNT TRANSPORT, INC. had a duty to ensure that drivers who constituted a potential hazard or danger to the public, those with unsuitable propensities, and/or those with emotional, physical, psychological, and/or physiological traits and/or characteristics contraindicated to the safe operation of its motor vehicles, not be employed, retained, and/or otherwise permitted to operate same.

93.    As a direct and proximate result of the negligence of defendant employer J. B. HUNT TRANSPORT, INC. in its hiring and retention of defendant employee JOSE MOLINA as its employee, agent, and/or servant, and its entrustment to him of the aforesaid motor vehicle involved in the accident, herein, plaintiff, JULIO CESAR PACHECO OSORIO, was seriously injured.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower costs which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
December 10, 2021

Yours,

By: Nicholas Mateusz Madej, Esq.
**SURDEZ & PEREZ, P.C.**
*Attorneys for Plaintiff*
32-72 Steinway Street, Suite 401
Astoria, New York 11103
(718) 482-1555

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____

INDEX NO.

JULIO CESAR PACHECO OSORIO,

              Plaintiff,

          -against-

NOEL TORRES, JOSE MOLINA, C&S WHOLESALE
GROCERS, INC., and J. B. HUNT TRANSPORT, INC.,

              Defendants.

_____

**VERIFICATION**

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF QUEENS    )

      JULIO CESAR PACHECO OSORIO, being duly sworn, under penalties of perjury,
deposes and says:

      That your deponent is the plaintiff in the above-action, and has read the foregoing
VERIFIED COMPLAINT and knows the contents thereof; that the same is true except for those
matters therein stated to be upon information and belief, and as to those matters, deponent
believes them to be true.

Dated: Astoria, New York
       December 10, 2021

                                      _____
                                JULIO CESAR PACHECO OSORIO

State of NEW YORK )
               ) SS.:
County of QUEENS  )

      I CERTIFY that on _12/10/21_ , _Julio Cesar Pacheco Osorio_ personally came before
me and acknowledged under oath, to my satisfaction, that this person: (a) is named in and
personally signed this document; and (b) signed, sealed, and delivered this document as his/her
act and deed.

                                        _____
     **NICHOLAS MATEUSZ MADEJ**             Notary Public
     **Notary Public, State of New York**
         **Reg. No. 02MA6412377**
        **Qualified in Queens County**
   **Commission Expires December 28, 2024**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-------------------------------------------------------------------x
JULIO CESAR PACHECO OSORIO,

                              Plaintiff/Petitioner,


        - against -                              Index No.700871/2022

NOEL TORRES, JOSE MOLINA, C&S WHOLESALE
GROCERS, INC., and J. B. HUNT TRANSPORT, INC.,

                              Defendant/Respondent.
-------------------------------------------------------------------x
### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

> 1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

> 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:   January 14, 2022

Nicholas Mateusz Madej, Esq.
_____
Name

Surdez & Perez, P.C.
_____
Firm Name

_____
*Madej* (signature)

32-72 Steinway Street, suite 101, Astoria, NY 11103
Address

(718) 482-1555
_____
Phone

nmadej@surdezlaw.com
_____
E-Mail

To:   C & S Wholesale Grocers, Inc.- 28 Liberty Street, New York, NY 10005

J.B. Hunt Transport, Inc.- 80 State Street, Albany, NY 12207

2/24/20

Index  #                          Page 2  of 2                          EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------

JULIO CESAR PACHECO OSORIO,

        Plaintiff,

    -against-

NOEL TORRES, JOSE MOLINA, C&S WHOLESALE
GROCERS, INC., and J. B. HUNT TRANSPORT, INC.,

        Defendants.

-------------------------------------------------------------------


-------------------------------------------------------------------

## SUMMONS and VERIFIED COMPLAINT

-------------------------------------------------------------------


**SURDEZ & PEREZ, P.C.**
*Attorneys for Plaintiff*
32-72 Steinway Street
Suite 401
Astoria, New York 11103
(718) 482-1555